IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WALDEMAR E. ALBERS REVOCABLE TRUST, et al., : : : Plaintiffs, Judgment Creditors : : v. : : MID-AMERICAN ENERGY, INC., et al., : : : Defendants, Judgment Debtors. : | Miscellaneous Action No. 7:08-MC-2-HL |

# ORDER

Before the Court is Movant Paul J. Alvarado's Motion to Quash Subpoena (Doc. 1).  Mr. Alvarado is an attorney in Valdosta, Georgia.  On August 18, 2006, Alvarado handled a closing between Regions Bank, NA and Dacotra, LLC that resulted in the transfer of $550,000.00 to a trust account for the law firm of Langdale and Vallotton, LLP.  At the time, Alvarado was an attorney at the Langdale firm.  On August 21, 2008, Alvarado was served with a subpoena that requested "[a]ll documents pertaining to" the August 18, 2006, closing.  On August 26, 2008, Alvarado filed a Motion to Quash Subpoena on the grounds that (1) the closing documents are protected by the attorney-client privilege, and (2) the documents are shielded from production by a confidentiality agreement.

1

It is well-settled that "[t]he party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).  Communications are confidential if they were "'made to [the attorney] confidentially, in [the attorney's] professional capacity, for the purpose of securing legal advice or assistance.'" Id. (quoting United States v. Ponder, 475 F.2d 37, 39 (5th Cir. 1973)).[1]

In this case, Alvarado, as the moving party, bears the burden of proving that the documents sought in the subpoena are protected by the attorney-client privilege. He has failed to carry this burden.  His Motion to Quash, Reply, and the affidavit attached to this Reply, consist of nothing more than conclusory assertions that the closing documents are protected by the attorney-client privilege.  A party cannot carry its burden of establishing the applicability of the privilege by simply asserting that the privilege applies.  In addition, closing transaction documents are typically not protected by the attorney-client privilege.  See In re Grand Jury Subpoena, 831 F.2d 225, 227 (11th Cir. 1987); United States v. Aronson, 781 F.2d 1580, 1581 (11th Cir. 1986).  Accordingly, the attorney-client privilege does not protect the documents

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

2

sought in the subpoena.

As to the alleged confidentiality agreement, Movant has not produced the confidentiality agreement, he has not demonstrated that the subpoenaed documents are protected by the agreement, and has not demonstrated why the agreement is binding on this Court.  As a result, Movant has not demonstrated that the confidentiality agreement prevents production of the closing documents.

For the foregoing reasons, Movant's Motion to Quash is denied.

**SO ORDERED**, this the 3rd day of October, 2008

>                    *s/  Hugh Lawson*
>                    **HUGH LAWSON, Judge**

dhc